IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Eric Johnson, | ) |
|         Plaintiff, | ) |
| vs. | ) Civil Action No. 4:12-1271-MGL |
| Eric Holder, Attorney General, | ) |
|         Defendant. | ) **ORDER** |

Plaintiff Eric Johnson, ("Plaintiff"), brings this civil action asserting a claim of retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq. (ECF No. 1).

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling. The matter is now before this Court for review of the Report and Recommendation ("Report") issued by the Magistrate Judge on December 5, 2013, (ECF No. 35), in which the Magistrate Judge recommends that Defendant's Motion for Summary Judgment, (ECF No. 16), be granted and that the case be dismissed. In his Report, the Magistrate Judge concludes that Plaintiff has failed to establish the third element of the *prima facie* case of Title VII retaliation; specifically, that Plaintiff has failed to adequately show a causal connection between the protected EEOC activity engaged in by his wife while she was likewise employed by the Federal Bureau of Prisons (BOP) and Plaintiff's failure to secure a sought after transfer position within the BOP. (ECF No. 35 at p. 7-8). Plaintiff filed a timely

Objection to the Report on December 23, 2013. (ECF No. 37). In his Objection, Plaintiff counters that he has presented sufficient evidence to raise a question of fact as to whether or not his non-selection for the new post was in retaliation for his wife's protected activity. Id.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and the Plaintiff's Objection. After careful review of the Report and objections thereto, the Court **ACCEPTS** and incorporates the Report, (ECF No. 35), by reference into this Order. As the Magistrate Judge sets out in the Report, an employer's knowledge that his or her employee (or, as in this case, the employee's spouse) has engaged in protected activity is necessary to establish the causation element of the *prima facie* case for Title VII retaliation. See ECF No. 35 at p. 7-8. Here, Plaintiff has not shown that any BOP personnel involved in the hiring decision for the 2009 MCD Brooklyn post was aware of his wife's protected activity. In light of the foregoing, it

is hereby **ORDERED** that Defendant's Motion for Summary Judgment, (ECF No. 16), is **GRANTED** and that this case is **DISMISSED**.

    **IT IS SO ORDERED**.

                                                               s/Mary G. Lewis  
                                                        United States District Judge

January 24, 2014  
Spartanburg, South Carolina